

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# Local 241 v. Lockheed Martin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3450

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Local 241 v. Lockheed Martin" (2007). *2007 Decisions.* Paper 721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3450
_____

INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL
ENGINEERS, AFL-CIO, LOCAL 241,

Appellant,

v.

LOCKHEED MARTIN MARITIME SYSTEMS AND SENSORS (formerly NAVAL
ELECTRONIC AND SURVEILLANCE SYSTEMS-SURFACE SYSTEMS)

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cv-00484)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 29, 2007
_____

Before: BARRY, FUENTES, and GARTH, <u>Circuit</u> <u>Judges</u>
(Opinion Filed: July 19, 2007)

_____

OPINION
_____

Garth, <u>Circuit</u> <u>Judge</u>:

The appeal taken by the International Federation of Professional and Technical

Engineers, AFL-CIO, Local 241 ("the union") challenged the decision of Lockheed Martin

Maritime Systems and Sensors ("Lockheed Martin") to bring third-party employees into its Moorestown, New Jersey facility to perform approximately 640 hours of Drafter Designer-Electrical work. The union asserted that Lockheed Martin's action violated the parties' Collective Bargaining Agreement ("CBA") and sought to have the dispute submitted to arbitration. Alternatively, in the event it was held that the dispute was not arbitrable per the terms of the CBA, the union argued that Lockheed Martin's decision to engage subcontractors to perform the work rather than to recall Christopher Vansaghi, a union member and employee on layoff, violated the CBA.

The District Court carefully reviewed the arguments of counsel and the CBA provisions at issue and concluded in a well-reasoned opinion that the grievance did involve subcontracting and thus was not arbitrable. It also held that Lockheed Martin had not violated the CBA by subcontracting rather than recalling a worker on layoff.

For the reasons so ably expressed by the District Court judge in his opinion dated June 21, 2006, we will affirm the judgment in favor of Lockheed Martin.

2